mine operator who accidentally or even intentionally goes beyond the limits of his lease.

The error in the court's charge was vital and substantial and must be presumed to have influenced the jury in the rendition of the verdict.

The judgment of the court of common pleas, should, therefore be reversed and cause remanded for a new trial.

**Ferneding** and **Kimble, JJ.,** concur.

---

### INJUNCTION—SEWERS.

[Butler (1st) Court of Appeals, May, 1914.]

Swing, Jones and Jones, JJ.

ROBERT A. BRADLEY V. JACOB SCHWAB.

**Connection by Abutting Owner with a Private Sewer not Enjoinable.**
  Connection with a private sewer will not be enjoined on the claim that the sewer will be overloaded thereby, unsupported by evidence that plaintiff has suffered damage or that such a result as that complained of will follow.

*M. O. Burns,* for plaintiff.
*Clinton Egbert,* for defendant.

## JONES, (O. B.), J.

This case was brought in this court on appeal. It is an action by Robert A. Bradley seeking to enjoin Jacob Schwab from maintaining a sewer connection with a line of sewer pipe built by plaintiff's predecessor upon a ten foot strip of land in the rear of the lots of both parties, which connects with the pipe sewer the premises of plaintiff and also the premises of defendant which lie north of plaintiff. Defendant owns property which lies north of plaintiff's and also property south of plaintiff, which latter is a corner lot and abuts upon the alley in which is placed the public sewer to which the connection is made.

The fee of this ten foot strip is vested in the defendant, but it is subject to an easement for ingress and egress appurtenant to the property of plaintiff. This five inch private .

Bradley v. Schwab.

sewer was built by plaintiff's predecessor in title to drain his premises, and plaintiff is entitled to its use and to have it maintained in its present position. The sewer connection to the lot on the north has also existed for some time, and defendant is entitled to maintain it.

The question presented to the court arose at the time defendant undertook to connect a watercloset constructed in a shop in the rear part of his lot lying south of plaintiff. Plaintiff contends that such connection would overburden the private sewer and therefore interfere with his right of drainage, and, the connection having been made in spite of his protest, he seeks to enjoin its further maintenance.

We are unable to find, from the testimony, that the tap which has been made by defendant has resulted in overburdening the pipe, or has in any way obstructed or interfered with plaintiff's rights, and as the exercise of the right of injunction requires clear proof of the existence of the injury complained of, the court should not exercise its prerogative of interference so long as no injury has been suffered by plaintiff.

The petition will therefore be dismissed at plaintiff's costs. **Swing** and **Jones, (O. B.), JJ.,** concur.

---

## BILL OF EXCEPTIONS—MANDAMUS.

[Cuyahoga (8th) Court of Appeals, December 24, 1917.]
Carpenter, Grant and Leighley, JJ.